# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ROBERT A. COTTON, | No. EDCV 18-2343-VAP (AGR) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |
| COUNTY OF SAN BERNARDINO, et al., | |
| Defendants. | |

For the reasons discussed below, the Court orders Plaintiff to show cause, if there be any, in writing on or before ***June 15, 2021***, why this action should not be dismissed without prejudice for failure to prosecute and/or comply with a court order.

A.  Procedural History

On October 31, 2018, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint.  Plaintiff sued the following 14 defendants:  (1) County of San Bernardino ("County"); (2) Sheriff John McMahon; (3) City of San Bernardino ("City"); (4) San Bernardino Police Department ("SBPD") Officer Barba; (5) SBPD Officer Guzman; (6) SBPD Officer E. Thomas; (7) SBPD Lieutenant Pellis; (8) SBPD Sergeant J. Echevarra; (9) SBPD Sergeant Arnola; (10) SBPD Officer S. Woolbright; (11) SBPD Officer J. Gomez; (12) California Department of Motor Vehicles ("DMV") Director Jean

Shiomoto; (13) A&G Towing, Inc.; and (14) American Towing Service, Inc. d/b/a Armada Towing Service. (Dkt. No. 1.)

On December 4, 2018, the district court dismissed the complaint pursuant to the screening provisions of the Prison Litigation Reform Act of 1995 ("PLRA") without leave to amend as to the Racketeer Influenced and Corrupt Organizations Act ("RICO") claims against the County and City, and with leave to amend as to other claims. (Dkt. No. 6.)

On January 7, 2019, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. No. 7.) On April 9, 2019, the district court dismissed all RICO claims and all claims against Defendants Pellis and Barba with prejudice and without leave to amend. (Dkt. No. 8.) The court directed the United States Marshal's Service to serve the remaining defendants with summons. (Dkt. No. 16.)

On November 19, 2019, Plaintiff filed a Second Amended Complaint ("SAC"). (Dkt. No. 20.) Plaintiff named the same 14 defendants, including Pellis and Barba who were previously dismissed from this action. On Defendants' motion, the Court entered an order as follows:

(1) The County Defendants' motion to dismiss was granted as follows: (a) Claims One through Five, Seven, Thirteen and Fifteen were dismissed with leave to amend; and (b) Claims Twelve and Fourteen were dismissed without leave to amend;

(2) The City Defendants' motion to dismiss was granted in part and denied in part as follows: (a) all federal and state claims against Defendants Woolbright and Gomez were dismissed without leave to amend; (b) the motion to dismiss Claim One was denied to the extent it asserts a Fourth Amendment claim against Defendants Arnola, Echevarra, Guzman and Thomas based on Plaintiff's arrest; (c) the remainder of Claim One was dismissed with leave to amend; (d) Claims Two through Five, Seven and

|   |   |   |
|---|---|---|
| 1 | | Fifteen were dismissed with leave to amend; and (e) Claims Eight through |
| 2 | | Fourteen were dismissed without leave to amend; |
| 3 | (3) | Defendant Shiomoto's motion to dismiss was granted and all federal and |
| 4 | | state claims against her were dismissed without leave to amend; |
| 5 | (4) | Defendants Barba and Pellis were dismissed with prejudice from this |
| 6 | | action. (Order dated April 9, 2019, Dkt. No. 8). |

Plaintiff was granted leave to amend consistent with the Order but did not file a Third Amended Complaint. (Order dated October 2, 2020, Dkt. No. 58.)

B. Discussion

The Court entered a scheduling order on January 25, 2021. (Order, Dkt. No. 65.) The Court set a discovery cut-off date of August 25, 2021. The parties were ordered to file status reports by April 26, 2021.

Plaintiff failed to file a status report by April 26, 2021 and did not request an extension of time to do so. The City Defendants filed a timely status report.

The City Defendants served Plaintiff with discovery requests, including document requests, interrogatories and requests for admissions, on February 25, 2021. The proofs of service show service by mail to Plaintiff's address of record. Plaintiff's responses were due on April 1, 2021. (Exh. A to Dkt. No. 72.) Having received no responses, Defendants, by letter dated April 6, 2021, on their own extended the time to serve responses to April 16, 2021. The letter was sent by mail to Plaintiff's address of record and by email to his email address. (Exh. B to Dkt. No. 72.) Plaintiff did not serve any responses or otherwise respond to Defendants' letter.

Pursuant this Court's procedures, Defendants requested a telephonic discovery conference, which is required before a party may file a written discovery motion. The court set a telephonic discovery conference on May 7, 2021 at 10:00 a.m., and required that the parties file a joint agenda on or before May 6, 2021 by noon. (Dkt. No. 70.) On May 4, 2021, Defendants sent Plaintiff an email with its proposed draft of a joint agenda and requested that he respond in time so that the joint agenda could be filed. (Exh. A to

3

| | |
|---|---|
| 1 | Northcutt Decl., Dkt. No. 72-4.)  Having received no response from Plaintiff, Defendants |
| 2 | filed the agenda on their own.  (Northcutt Decl.) |
| 3 | The Court held the telephonic discovery conference on May 7, 2021 at 10:00 a.m. |
| 4 | Defense counsel appeared.  Plaintiff did not appear.  The court and defense counsel |
| 5 | waited from 10:00 a.m. to 10:13 a.m. before commencing the discovery conference. |
| 6 | The court inquired as to whether defense counsel's mailings to Plaintiff's address of |
| 7 | record had been returned as undeliverable.  Defense counsel answered no.  The court |
| 8 | inquired whether defense counsel's emails to Plaintiff's email address had bounced |
| 9 | back.  Defense counsel again answered no.  The hearing was adjourned at 10:14 a.m., |
| 10 | and Plaintiff still had not appeared.  The court stated that it will issue an order to show |
| 11 | cause by separate order. |
| 12 | It is well established that a district court has the authority to dismiss a plaintiff's |
| 13 | action because of his failure to prosecute or comply with court orders.  *See* Fed. R. Civ. |
| 14 | P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. |
| 15 | 2d 734 (1962) (court's authority to dismiss for lack of prosecution is necessary to |
| 16 | prevent undue delays in the disposition of pending cases and avoid congestion in |
| 17 | district court calendars). |

C.  ORDER

Accordingly, IT IS ORDERED that, on or before **June 15, 2021**, Plaintiff shall show good cause, if there be any, in writing why this action should not be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.

***If Plaintiff does not timely file a response to this Order to Show Cause or otherwise respond to this Order to Show Cause on or before June 15, 2021, the court will recommend that the action be dismissed without prejudice for plaintiff's failure to prosecute and/or failure to comply with a court order.*** See *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962).

DATED: May 19, 2021

*/s/ Alicia G. Rosenberg*
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

5