UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT A. COTTON, | No. EDCV 18-2343-VAP (AGR) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| COUNTY OF SAN BERNARDINO, et al., | |
| Defendants. | |

## I. Procedural History

On October 31, 2018, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint. Plaintiff sued the following 14 defendants: (1) County of San Bernardino ("County"); (2) Sheriff John McMahon; (3) City of San Bernardino ("City"); (4) San Bernardino Police Department ("SBPD") Officer Barba; (5) SBPD Officer Guzman; (6) SBPD Officer E. Thomas; (7) SBPD Lieutenant Pellis; (8) SBPD Sergeant J. Echevarra; (9) SBPD Sergeant Arnola; (10) SBPD Officer S. Woolbright; (11) SBPD Officer J. Gomez; (12) California Department of Motor Vehicles ("DMV") Director Jean Shiomoto; (13) A&G Towing, Inc.; and (14) American Towing Service, Inc. d/b/a Armada Towing Service. (Dkt. No. 1.)

On December 4, 2018, the district court dismissed the complaint pursuant to the screening provisions of the Prison Litigation Reform Act of 1995 ("PLRA") without leave to amend as to the Racketeer Influenced and Corrupt Organizations Act ("RICO") claims against the County and City, and with leave to amend as to other claims. (Dkt. No. 6.)

On January 7, 2019, Plaintiff filed a First Amended Complaint ("FAC"). (Dkt. No. 7.) On April 9, 2019, the district court dismissed all RICO claims and all claims against Defendants Pellis and Barba with prejudice and without leave to amend. (Dkt. No. 8.) The court directed the United States Marshal's Service to serve the remaining defendants with summons. (Dkt. No. 16.)

On November 19, 2019, Plaintiff filed a Second Amended Complaint ("SAC"). (Dkt. No. 20.) Plaintiff named the same 14 defendants, including Pellis and Barba who were previously dismissed from this action. On Defendants' motion, the Court entered an order as follows:

(1) The County Defendants' motion to dismiss was granted as follows: (a) Claims One through Five, Seven, Thirteen and Fifteen were dismissed with leave to amend; and (b) Claims Twelve and Fourteen were dismissed without leave to amend;

(2) The City Defendants' motion to dismiss was granted in part and denied in part as follows: (a) all federal and state claims against Defendants Woolbright and Gomez were dismissed without leave to amend; (b) the motion to dismiss Claim One was denied to the extent it asserts a Fourth Amendment claim against Defendants Arnola, Echevarra, Guzman and Thomas based on Plaintiff's arrest; (c) the remainder of Claim One was dismissed with leave to amend; (d) Claims Two through Five, Seven and Fifteen were dismissed with leave to amend; and (e) Claims Eight through Fourteen were dismissed without leave to amend;

(3) Defendant Shiomoto's motion to dismiss was granted and all federal and state claims against her were dismissed without leave to amend;

(4) Defendants Barba and Pellis were dismissed with prejudice from this action. (Order dated April 9, 2019, Dkt. No. 8).

Plaintiff was granted leave to amend consistent with the Order but did not file a Third Amended Complaint. (Order dated October 2, 2020, Dkt. No. 58.)

The City Defendants served Plaintiff with discovery requests, including document requests, interrogatories and requests for admissions, on February 25, 2021. The proofs of service show service by mail to Plaintiff's address of record. Plaintiff's responses were due on April 1, 2021. Having received no responses, Defendants, by letter dated April 6,2021, on their own extended the time to serve responses to April 16, 2021. The letter was sent by mail to Plaintiff's address of record and by email to his email address. Plaintiff did not serve any responses or otherwise respond to Defendants' letter.

Pursuant to Magistrate Judge's procedures, Defendants requested a telephonic discovery conference, which is required before a party may file a written discovery motion. The court set a telephonic discovery conference on May 7, 2021 at 10:00 a.m., and required that the parties file a joint agenda on or before May 6, 2021 by noon. (Dkt. No. 70.) On May 4, 2021, Defendants sent Plaintiff an email with its proposed draft of a joint agenda and requested that he respond in time so that the joint agenda could be filed. Having received no response from Plaintiff, Defendants filed the agenda on their own.

Magistrate Judge held the telephonic discovery conference on May 7, 2021 at 10:00 a.m. Defense counsel appeared. Plaintiff did not appear. The court and defense counsel waited from 10:00 a.m. to 10:13 a.m. before commencing the discovery conference. The court inquired as to whether defense counsel's mailings to Plaintiff's address of record had been returned as undeliverable. Defense counsel answered no. The court inquired whether defense counsel's emails to Plaintiff's email address had

bounced back. Defense counsel again answered no. The hearing was adjourned at 10:14 a.m., and Plaintiff still had not appeared. The court stated that it will issue an order to show cause by separate order.

On May 19, 2021, the Magistrate Judge issued an order to show cause why this action should not be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. (Dkt. No. 74.) The OSC warned Plaintiff that if Plaintiff did not file a timely response to the OSC or otherwise respond to the OSC on or before June 15, 2021, the action could be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. *Id.* at 5.

Plaintiff did not file a timely response to the OSC or request an extension of time to do so.

**II.     Discussion**

A district court has the authority to dismiss a plaintiff's action because of his failure to prosecute or comply with court orders. See Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in disposition of pending cases and avoid congestion in court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (court may dismiss action for failure to comply with any order).

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a court considers five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors – the public's interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has failed to respond to discovery and has failed to appear before the magistrate judge and

participate in the discovery dispute resolution process.  Plaintiff's conduct hinders the court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to defendants – also weighs in favor of dismissal.  A presumption of prejudice to defendants arises when there is a failure to prosecute diligently.  *Eisen*, 31 F.3d at 1452-53.  That presumption may be rebutted when a plaintiff proffers an excuse for delay.  Plaintiff has failed to come forward with any excuse or reason for delay.  *See Carey*, 856 F.2d at 1441.

The fourth factor – public policy in favor of deciding cases on their merits – weighs against dismissal.  It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics.  *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility.  The public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to provide discovery, appear at a hearing, or respond to a court order.

The fifth factor – availability of less drastic sanctions – weighs in favor of dismissal.  Given that Plaintiff has not responded to the magistrate judge's last order, no lesser sanction appears to be available.  *See Fellows v. Hartley,* 2010 WL 1335393, *2 (E.D. Cal. 2010) ("given Petitioner's noncompliance with the Court's order, no lesser sanction is feasible"), *adopted in full*, 2010 WL 398973 (E.D. Cal. 2010); *see also Carey*, 856 F.2d at 1441.

Defendants filed a notice and request for an order of dismissal.  (Dkt. No. 75.)

Accordingly, IT IS ORDERED that this action is DISMISSED without prejudice.

DATED: June 30, 2021

_____
VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE